```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RUSSELL MARTIN                  :      CIVIL ACTION
                                :
        v.                      :
                                :
C/O GREAVES, et al.             :      NO. 16-0028

**M E M O R A N D U M**

TUCKER, Ch. J.                              JANUARY  /9  , 2016

      Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the City of Philadelphia, the Philadelphia prison system, the Commissioner of the Philadelphia prisons, and the Warden and a correctional officer at the Philadelphia House of Correction. He alleges that because there was no ladder to allow him to get in and out of his bed, he fell while trying to climb onto the top bunk bed in his cell at the House of Correction, and injured his neck, back, head and elbow.

      With this action, plaintiff submitted a motion to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, for the reasons which follow, this action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      **I. DISCUSSION**

      In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that the defendants have violated

plaintiff's constitutional rights. Even *assuming arguendo* that prison officials were negligent because the bunk bed did not have a ladder, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Furthermore, plaintiff received medical treatment for his injuries, and he was given indefinite bottom bunk status after his fall.

## II. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. An order dismissing this complaint follows.